IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANTHONY SCOTT WHITE                                                                              PLAINTIFF

v.                                            Civil No. 4:21-cv-04037

CAPTAIN ADAMS, Miller County Detention
Center; SERGEANT GOLDEN; SERGEANT
GUNTHER; and NURSE STEVEN KING                                                       DEFENDANTS

### ORDER

Plaintiff, Anthony Scott White, filed this 42 U.S.C. § 1983 action *pro se* on May 12, 2021, in the Eastern District of Arkansas. (ECF No. 2). On May 18, 2021, the case was transferred to the Western District of Arkansas, Texarkana Division. (ECF No. 4). That same day, the Court entered an order directing Plaintiff to file an Amended Complaint and submit a completed *in forma pauperis* ("IFP") application by June 19, 2021.[1] (ECF No. 6). This order informed Plaintiff of his obligation to notify the Court of any change of address within thirty days of his release from incarceration or transfer to another facility. *Id.* at p. 3.

On June 9, 2021, the Court granted Plaintiff's IFP application. (ECF No. 12). In response to the Court's order, Plaintiff filed a Second Amended Complaint on July 6, 2021. (ECF No. 20). On August 20, 2021, mail sent to Plaintiff at his address of record was returned as undeliverable, indicating; "Released 8-9-21 Return to Sender Aug 16 MCDC". (ECF No. 32). Currently before the Court is Plaintiff's failure to keep the Court informed of his address.

---

[1] Plaintiff filed an Amended Complaint on May 26, 2021. (ECF No. 7). The Court determined Plaintiff had not clearly stated his claims against Defendants and ordered Plaintiff to file a Second Amended Complaint. (ECF No. 14).

1

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that Plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court informed of his address and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Second Amended Complaint (ECF No. 20) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 28th day of September, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge